AF Approval _____                              Chief Approval _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

    v.                                              CASE NO. 2:23-cr-80-TPB-KCD

YALEMIS ONASCH,
a/k/a "Yalemis Martin"

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Yalemis Onasch, and the attorney for the defendant, David Joffe, mutually agree as follows:

**A.    Particularized Terms**

    1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One and Two of the Information. Count One charges the defendant with Voting by Aliens, in violation of 18 U.S.C. § 611. Count Two charges the defendant with False Statement Under Oath Relating to Naturalization, in violation of 18 U.S.C § 1015(a).

    2.    Maximum Penalties

Count One carries a maximum sentence of one year imprisonment, a fine of not more than $100,000, a term of supervised release of not more than 1 year, and a special assessment of $50 per misdemeanor count for individuals, and $400 per felony count for persons other than individuals, such as corporations. Count Two

Defendant's Initials _YO_

carries a maximum sentence of five years imprisonment, a fine of not more than $250,000, a term of supervised release of not more than three years, and a special assessment of $100 per felony count for individuals, and $400 per felony count for persons other than individuals, such as corporations. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First:    The defendant was an alien of the United States at the time that she voted and;

Second:    The defendant unlawfully voted in an any election held solely or in part for the purpose of electing a candidate for the office of President, Vice President, Presidential elector, Member of the Senate, Member of the House of Representatives, Delegate from the District of Columbia, or Resident.

The elements of Count Two are:

First:    A statement as alleged in the Information was made under oath by the defendant;

Second:    The statement was false;

Third:    The statement was made knowingly, and;

Defendant's Initials __YO__                    2

Fourth:   The statement was made in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization, citizenship, or registry of aliens.

4.   Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.   No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.   Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials __YO__          3

7.    Acceptance of Responsibility - Two Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

8.    Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

B.    **Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution

Defendant's Initials ___VO___                4

to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. To ensure that this obligation is satisfied, the Defendant agrees to deliver a cashier's check, certified check or money order to the Clerk of the Court in the amount of $150 payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2.  Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials __YO__.                5

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.

Defendant's Initials __YO__                6

The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or

Defendant's Initials __YO__                7

defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.   Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials __YO__                8

8.   Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.   Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that

Defendant's Initials ___YD___        9

defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

Since 2022, FBI, other law enforcement officers, and United States Citizen and Immigration Services (USCIS) have been investigating Onasch in connection with a voting fraud and a false claim to U.S. citizenship

Defendant's Initials ___YO___                10

investigation. The evidence collected to date indicates that Onasch voted unlawfully during several U.S. elections as well as provided false information to USCIS. Based on the investigation to date, Onasch voted in the 2014 General Election, 2016 General Election, 2020 Primary Election, and the 2020 General Election, while she was not yet a citizen of the United States.

Onasch, born on December 6, 1994, in Cuba, became a LPR of the United States in 2006 pursuant to an USCIS approval of the Form I-485, Application to Register Permanent Residence or Adjust Status, that Onasch had filed pursuant to section 1 of Pub L. 89-732 (November 2, 1966), as amended, the Cuban Adjustment Act (CAA) – Onasch was about 12 years of age at the time.

On or about September 21, 2012, Onasch submitted a new Florida Voter Registration Application ("FVRA") with the help of a third-party voter registration organization (TOO). In the application, Onasch marked yes to question A, Are you a citizen of the United States of America? Onasch also listed her driver's license number, maiden name Yalemis Martin, address, and signature. Onasch was issued voter ID number 120239524.

On or about November 8, 2016, Onasch submitted a FVRA to update her previous address from 12155 Americus Lane, Naples, FL 34113 to 2430 29th Avenue, Naples, FL 34120. In this application, Onasch did not answer question 1. However, Onasch did answer questions 2 and 3.

Based on information received from an interview conducted on Melissa Blazier, the Deputy Supervisor of Elections, Onasch voted in person during the 2016

Defendant's Initials ___YO___         11

general elections. Onasch was required to provide a photo ID with signature at the polling place to obtain and submit her ballot. Onasch's signature was verified with a signature that was on file. Collier County utilizes electronic pollbook, which allows election officials to review and maintain voter registration information for an election.

In 2020, Onasch requested a vote-by-mail ballot from Collier County SOEs office. In the vote-by-mail request, Onasch listed her legal residence address in Collier County as 2744 Blossom Way, Naples, FL 34120. Onasch listed 6017 Pine Ridge Road, Suite 104, Naples, FL 34119 as the address for the vote-by-mail ballots for the 2020 primary and general elections to be received. Documents received via a federal grand jury subpoena confirmed that 6017 Pine Ridge Road, Suite 104, Naples, FL 34119 is the physical address for a UPS store. Onasch and her husband had a leased business mailbox at the aforementioned UPS store.

The 2020 primary and general elections were held solely or in part for the purpose of electing a candidate for the office of President, Vice President, Presidential elector, Member of the Senate, or Member of the House of Representatives. Based on information received from an interview conducted on Ms. Blazier, Onasch voted by mail during both the 2020 primary and general elections. Onasch also returned the certification of voting by mail for both the 2020 primary (dated July 30, 2020) and general elections (dated September 25, 2020).

Defendant's Initials _YO_                    12

*Onasch's Application for Naturalization*

On January 9, 2021, USCIS received from Onasch an application to become a naturalized United States citizen, i.e., Form N-400, Application for Naturalization – Onasch was about 26 years of age.

A review of the Form N-400 (IOE9165808985) does not indicate or show a declaration of any preparer(s) or interpreter(s) being used in connection with the completion or filing of the naturalization application.

On the Form N-400 signed and dated January 9, 2021, Onasch certified under the penalty of perjury that the information contained thereon or provided in connection therewith was complete, true, and correct.

On the Form N-400, Onasch checked a "NO" as a response to the following questions:

(Part 12., Page 11 of 27)
- Have you EVER claimed to be a U.S. citizen (in writing or any other way)?
- Have you EVER registered to vote in any Federal, state, or local election in the United States?
- Have you EVER voted in any Federal, state, or local election in the United States?

(Part 12., Page 14 of 27)
- Have you EVER committed, assisted in committing, or attempted to commit, a crime or offense for which you were NOT arrested?

(Part 12., Page 15 of 27)
- Have you EVER given any U.S. Government officials any information or documentation that was false, fraudulent, or misleading?
- Have you EVER·lied to any U.S. Government officials to gain entry or admission into the United States or to gain immigration benefits while in the United States?

Defendant's Initials __VO__                13

On June 27, 2022, USCIS interviewed Onasch in connection with her Form N-400 in Fort Myers, Florida. An officer of USCIS placed Onasch under Oath and specifically asked her, *inter alia*, the above-enumerated questions from Part 12, as they relate to having ever made a claim to United States citizenship, registering or voting in Federal, state, or local elections, committing a crime or offense for which she had not been arrested, or giving to U.S. Government officials a false or misleading documentation or lying to gain immigration benefits. Onasch, orally and under Oath, reaffirmed before an USCIS officer her written responses to these questions.

On Monday, June 27, 2022, Onasch partook in a Naturalization Oath Ceremony administered by USCIS and upon its completion, became a naturalized U.S. citizen.

On June 27, 2022, during her naturalization ceremony, Onasch submitted a new FVRA. In this application, Onasch, answered yes to question 1, listed her married name, Yalemis Onasch; the last four of her social security number, 9976; her country of birth, Cuba; party affiliation, Republican Party of Florida; gender, Female; and ethnicity, Hispanic. Onasch also listed the address 6017 Pine Ridge Road, Suite 104, Naples, FL 34119 as the address where she resided.

A review of now available records, such as Onasch's naturalization application, voter applications, and voting records - revealed that Onasch knowingly concealed and denied her prior claim to U.S. Citizenship and voting record in writing and orally under Oath before USCIS during her naturalization proceedings.

Defendant's Initials _VO_                14

By making false claims to USCIS and voting in the 2020 elections prior to becoming a United States citizen, there is probable cause that Onasch violated laws of the United States, including 18 U.S.C. §§ 611 and 1015(a).

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _17th_ day of ~~June~~ July, 2023.

ROGER B. HANDBERG
United States Attorney

_____
YALEMIS ONASCH
Defendant

_____
JESUS M. CASAS
Assistant United States Attorney
Chief, Fort Myers Division

_____
DAVID JOFFE
Attorney for Defendant

_____
CHRISTOPHER L. MURRAY
Assistant United States Attorney
~~Deputy~~ Criminal Chief, South

Defendant's Initials _YO_                15